# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 CV 6792 (04 CR 298) | **DATE** | January 23, 2008 |
| **CASE TITLE** | | *United States v. Michael West* | |

**DOCKET ENTRY TEXT**

Michael West has filed a *pro se* § 2255 motion and a motion to amend his § 2255 motion [5-1]. However, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court's preliminary review indicates that West's motion—even as amended—plainly shows that he is not entitled to relief. The court thus denies the motion to amend [5-1] and dismisses his § 2255 motion. The clerk is directed to terminate this case from the court's docket.

■[ For further details see text below.]     Docketing to mail notices.

00:00

## STATEMENT

Michael West has filed a motion under 28 U.S.C. § 2255, and a motion to amend his § 2255 to add an additional claim.

Because he is proceeding *pro se*, the court will liberally construe West's claims. In the motion, West raises four claims: (1) this court improperly grouped his offenses when calculating his offense level under the Sentencing Guidelines; (2) his plea agreement was violated when the district court improperly grouped his offense levels; (3) his trial attorney was ineffective by failing to object to the improper grouping; and (4) his appellate attorney was ineffective by filing an *Anders* brief with the appellate court that set out facts not supported by the record or his plea agreement. His proposed amendment would add a fifth claim: the Bureau of Prisons has miscalculated the time remaining on his sentence.

The argument that West makes in claims one and two—that this court improperly grouped his offenses—was first made by him in his direct appeal and was rejected by the Seventh Circuit as frivolous. *See United States v. Michael West*, No. 06-1961, slip op. at 2 (7th Cir. Dec. 8, 2006). Because the argument was previously resolved on appeal, West is barred from relitigating it under § 2255. *See Varela v. United States*, 481 F.3d 932, 935-36 (7th Cir. 2007).

The argument West makes in his third claim merely recasts his improper grouping argument as an ineffective assistance of trial counsel claim, and is therefore also barred. *See Daniels v. United States*, 26 F.3d 706, 711-12 (7th Cir.1994) (court rejected petitioner's § 2255 claim of ineffective assistance because it "simply recapitulat[ed]" an argument already raised at trial).

## STATEMENT

West's fourth claim is that appellate counsel was ineffective because counsel's *Anders* brief contained facts not supported by the record or the plea agreement. West's claim cannot succeed for two reasons. First, he has not identified any fact in the *Anders* brief that he contends is unsupported, nor has he explained how any of the allegedly unsupported facts made any difference in the Seventh Circuit's disposition of his appeal. Second, the court has carefully reviewed counsel's *Anders* brief and compared it to the record as well as the court's own recollection of the proceedings in West's case. The court has found nothing in the *Anders* brief that is unsupported by the record.

Finally, in West's proposed fifth claim he contends that the Bureau of Prisons has miscalculated his sentence. The court previously addressed this claim when West raised it in letters he sent to the court. As the court stated in its order of November 20, 2007, before seeking judicial relief, West must exhaust his administrative remedies. If he is dissatisfied with the result of his administrative proceeding, he must then file suit in the district court in the district where he is incarcerated (Leavenworth, Kansas). Because West does not purport to have exhausted and because he is housed in Kansas rather than in the Northern District of Illinois, his proposed claim has no chance of succeeding.

In conclusion, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court's preliminary review indicates that West's motion—including the claim set out in his proposed amendment—plainly shows that he is not entitled to relief. The court thus denies the motion to amend [5-1] and dismisses the § 2255 motion.

rs/cpb